# GEORGE BRISCOE

*v.*

## JOHNSON A. POWER.

ASSUMPSIT *for money paid to the use of the defendant—whether the action will lie.* B bought of A a quarter section of land, and, to secure the purchase money, executed to him five certain promissory notes and a deed of trust on the land. Soon after the purchase, B sold and conveyed the land to C, subject to the deed of trust thereon. Subsequently C sold and conveyed the east half of the land to D, and afterwards the other half to E— both conveyances being expressly made subject to the deed of trust. Afterwards the notes secured by the deed of trust were assigned to F. At the time C sold to D, he took from A an agreement to release from the deed of trust the tract so sold to him, on the payment of one-half the purchase money due on the entire tract, which agreement C assigned to D, and it was by him placed on file in the proper office. When the last note of the series secured by the deed of trust became due, the other four having been paid, D and E each having paid one-half, E paid the whole of the note, principal and interest, to F, and then brought suit in assumpsit against D, for money by him paid to the use of D, to recover of the latter the amount of his *pro rata* liability on the note: *Held*, though the land of D was subject to its *pro rata* share of the purchase money secured by the deed of trust, that the action would not lie, as there was no personal undertaking, either express or implied, on the part of D to pay the debt to A or any one else, and certainly not to E. The acceptance of the agreement made by A to release his land on the payment of one-half the whole purchase money, created against D no such liability. The extent of his undertaking was that the land should be liable in his hands for the debt due on it.

APPEAL from the Circuit Court of Marion county; the Hon. SILAS L. BRYAN, Judge, presiding.

Mr. B. B. SMITH, and Mr. M. SCHÆFFER, for the appellant.

Mr. W. W. WILLARD, and Mr. H. C. GOODNOW, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This was an action of assumpsit, instituted in the Marion circuit court, by the appellee against the appellant, for money paid to his use.

The principal ground relied on to reverse the judgment is that there was no personal liability, no express or implied promise, on the part of the appellant to repay the money the appellee may have paid to his use. The objection is well taken. No relation of debtor and creditor is shown to have existed between the parties arising out of any express or implied obligation.

The facts in the record which were supposed to have given the right of action to the appellee, may be concisely stated as follows: In May, 1861, Catharine Tannear bought of Samuel Gaty a quarter section of land in Marion county, and, to secure the purchase money, executed to him five certain promissory notes and a deed of trust on the land. Soon after her purchase, she sold and conveyed the land to a man by the name of Loyd, subject, however, to the deed of trust thereon. Subsequently, Loyd sold and conveyed the east half of said tract of land to the appellant and the other half to the appellee, and both conveyances were expressly made subject to the deed of trust. At the time Loyd sold to appellant, he took from Gaty an agreement to release from the deed of trust the tract of land so sold to him, on the payment of one-half of the purchase money due on the entire tract, which agreement Loyd assigned to appellant, and it was by him placed on file in the proper office. The unpaid notes given by Catharine Tannear and her husband to Gaty were subsequently assigned to Edgar L. Briscoe.

When the second, third and fourth notes of the series became due, Edgar L. Briscoe was about to sell the land of appellee to make the whole amount then due. Appellee tendered his *pro rata* share due on the notes, but Briscoe refused to receive it, and directed the trustee named in the deed to proceed with the sale, which he did do, and at which sale Edgar L. Briscoe himself became the purchaser. Thereupon the appellee filed a bill to set aside the sale, on the ground that the land of the appellant as well as his own was bound for the debt, and that when he tendered the holder of the unpaid

notes his *pro rata* share, it was the duty of the trustee to have first offered the land of the appellant before proceeding to sell his land. The circuit court decreed the relief sought, and on appeal that decree was affirmed in this court. *Briscoe* v. *Power*, 47 Ill. 447.

When the fifth note, which was the last of the series, became due, the appellee paid the full amount of principal and interest, and this suit was commenced to recover of appellant his *pro rata* share.

There can be no doubt that the land of the appellant was liable for its *pro rata* share of the purchase money. It was so held in the opinion in the former suit between these same parties. But it does not appear that there was any personal undertaking on the part of the appellant to pay the debt to Gaty or any one else—certainly not to the appellee.

The acceptance of the agreement made by Gaty to release his land on the payment of one-half the whole purchase money, created no such liability. The extent of his undertaking was that the land should be liable in his hands for the debt due on it. It is a familiar principle that a party can not make another his debtor by paying money to his use without a request so to do. No evidence of any request appears in the record, and it is not pretended that there was any.

The appellee has mistaken the forum in which relief can be had. If he was compelled to pay the entire debt, as he insists he was, to save his land, he could only have relief in equity, by filing the proper bill and subjecting the land to the payment of its just share of the original purchase money due thereon.

There having been no express request to pay the money for the use of the appellant, and under the facts there could be no implied promise, the judgment is contrary to the law and the evidence.

We can not forbear to remark that this is and has been a most unprofitable litigation between these parties. This court held, in its former opinion, that the land of the appellant was

liable for its *pro rata* share of the unpaid purchase money, and the parties, in the spirit of fairness, ought to have paid their respective shares when the last note became due. On the facts in this record, equity would undoubtedly decree relief to the appellee, and any further litigation in regard thereto would be expensive and useless.

The judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*