## The Lake Erie and Western Railroad Company

*v.*

## Philip H. Faught.

*Filed at Springfield June 10, 1889.*

1. Appeals—*as to the amount involved.* In actions *ex contractu,* when the judgment is in favor of the plaintiff, and he assigns no error, and no counter-claim has been set up by the defendant by way of set-off, the amount of the judgment must be accepted as conclusive of the amount involved in the case. The plaintiff must be deemed to have abandoned all claim to a larger recovery. The amount of the judgment is all that is involved in such case.

2. Where the judgment is against the plaintiff, or, if in his favor, for a smaller sum than he claims, and he appeals, then the amount involved must be determined from the evidence. It will be such sum, not exceeding the *ad damnum* in the declaration, as the evidence fairly tends to prove.

3. Where the defendant not only contests the plaintiff's cause of action, but pleads and gives evidence tending to prove a set-off, and the jury disallow the set-off and give their verdict for the plaintiff, then if the plaintiff's recovery, added to the amount of the set-off claimed, exceeds $1000, it may be held that more than $1000 is involved, within the meaning of the statute.

Appeal from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of McLean county; the Hon. Alfred Sample, Judge, presiding.

Messrs. Stevens & Horton, and Mr. James S. Ewing, for the appellant:

This is an action *ex contractu,* in which the damages claimed are susceptible of positive proof, and in which the amount involved and claimed, exclusive of costs, exceeds $1000. The amount in controversy being in excess of $1000, exclusive of costs, the right to an appeal is allowed by section 91, chapter 110, and by section 8, page 156, of the laws of 1887. *Brant* v. *Gallup,* 111 Ill. 487; *Capen* v. *Glass Co.* 105 id. 185; *Um-*

17—129 Ill.

*lauf* v. *Umlauf,* 103 id. 651; *Keiser* v. *Cox,* 116 id. 26; *Bradshaw* v. *Oil Co.* 114 id. 172.

Messrs. Neville & Lindley, for the appellee:

The fact that the declaration laid the damages in excess of $1000 can not be taken as any evidence of the amount in controversy.   *Lewis* v. *Shear,* 93 Ill. 121; *Hancock* v. *Tower,* id. 150; *McGuirk* v. *Burry,* id. 118; *Morris* v. *Preston,* id. 215.

A defendant can not be heard to assign as error that the judgment or the amount of damages assessed against him is too small.   *Reid* v. *Houston,* 20 Bradw. 48; *Lury* v. *Bundy,* 9 N. H. 298; *Wolf* v. *Insurance Co.* 43 Barb. 400.

The 90th section of the Practice act, and the 8th section of the Appellate Court act, were passed on the same day, and went into effect at the same time, and must be construed *in pari materia,* and given the same effect as if both were contained in the same act.   *Baber* v. *Railroad Co.* 93 Ill. 343; *Umlauf* v. *Umlauf,* 103 id. 651.

We say that the verdict of the jury and the judgment of the circuit court being for less than $1000, appellant can not now be heard to complain that the verdict was too small, and thereby obtain an appeal.   *Reid* v. *Houston,* 20 Bradw. 45; *Lury* v. *Bundy,* 9 N. H. 298; *Wolf* v. *Insurance Co.* 43 Barb. 400.

Mr. Justice Bailey delivered the opinion of the Court:

In this case, the appellee moves to dismiss the appeal, on the ground that the amount involved, exclusive of costs, is less than $1000, and that there is no certificate of a majority of the judges of the Appellate Court that the case involves questions of law of such importance, either on account of principal or collateral interests that it should be passed upon by this court.   The action is assumpsit, and is brought by Phillip H. Faught against the Lake Erie and Western Railroad Company, to recover for work, labor and services done and performed by

the plaintiff for the defendant, and at its request. The declaration consists of the common indebitatus assumpsit counts, the damages laid in the declaration being $3000. The defendant pleaded *non assumpsit,* and on the trial the plaintiff gave evidence tending to show that the value of the services sued for was in excess of $1000. The jury by their verdict assessed his damages at $930, and for that sum and costs the court gave judgment in his favor.

The defendant appealed to the Appellate Court where said judgment was affirmed. It thereupon presented its petition to one of the judges of that court, in vacation, representing that the cause involved the sum of $3000, for the reason that the plaintiff, in his declaration, claimed that sum, and praying that an appeal to this court be allowed and the amount of the appeal bond fixed. No representation was made in the petition that any question of law was involved in the case of such importance that the case should be passed upon by this court. On that petition an order was made by said judge allowing an appeal and fixing the conditions upon which the same might be taken, but no certificate was made as to the importance of any of the questions of law involved in the case.

The appellee's motion raises the question whether the case involves less than $1000, exclusive of costs, within the meaning of the statute allowing appeals from the Appellate Court to this court. The judgment is for $930 and costs, and with that judgment the plaintiff is content. Whatever may have been the amount of the indebtedness claimed in his declaration or shown by the evidence, the amount recovered is all that is now in controversy. The plaintiff having neither appealed or assigned errors, he must be deemed to have accepted the judgment as a conclusive and final ascertainment of the amount of his claim, and to have abandoned all of it in excess of his recovery; and the controversy, so far as it can be made by appeal, is conclusively narrowed down to the plaintiff's right to recover the $930 and costs.

We are of the opinion that, in cases *ex contractu*, where the judgment is in favor of the plaintiff, and he assigns no error, and no counter-claim has been set up by the defendant by way of set-off, the amount of the judgment must be accepted as conclusive of the amount involved in the case. There the plaintiff must be deemed to have abandoned all claim to a larger recovery, and thus eliminated from the case all of his claim in excess of the amount recovered, as effectually as though he had entered a remittitur of such excess before the trial; and the defendant can not insist that a larger sum than that recovered is involved, since his doing so would be tantamount to assigning for error that the judgment against himself is for too small an amount.

Where the judgment is against the plaintiff, or if in his favor, for a sum smaller than he claims, and he appeals, then undoubtedly, the amount involved must be determined from the evidence. It will be such sum, not exceeding the *ad damnum* in the declaration, as the evidence fairly tends to prove. The cases of *Brant* v. *Gallup*, 111 Ill. 487, and *Hankins* v. *Chicago and Northwestern Railway Co.* 100 id. 466, are illustrative of this rule.

So where the defendant not only contests the plaintiff's cause of action, but pleads and gives evidence tending to prove a set-off, and the jury disallow the set-off and give their verdict for the plaintiff, there, if the plaintiff's recovery, added to the amount of the set-off claimed, exceeds $1000, it may be held that more than $1000 is involved within the meaning of the statute. The following are cases of this character: *Capen* v. *De Steiger Glass Co.* 105 Ill. 185; *Moshier* v. *Shear*, 100 id. 469.

No question of the character above indicated exists in this case. The suit is brought to recover the value of certain work done by the plaintiff, as he claims, for the defendant, in the grading of its railroad, the defense being, that said work was done by the plaintiff, not for the defendant or at its request, but as a sub-contractor of J. M. Wright & Co., the contractors

to whom the defendant had let the entire work of grading that portion of its railroad upon which the work sued for was done. The only evidence affecting the question of the amount involved in the suit is that by which the plaintiff sought to prove the value of said work; and as he is content with the amount of his recovery, the judgment must be accepted as the true measure of the amount involved. That, exclusive of costs, being less than $1000, no appeal lies from the Appellate Court to this court. See *Martin* v. *Stubbings*, 126 Ill. 387. It follows that the appeal was improperly taken, and that the appellee's motion to dismiss must be sustained. The appeal will be dismissed at the appellant's costs.

*Appeal dismissed.*