## CATHERINE S. SMITH

*v.*

## MARY LYON ROUNTREE.

*Opinion filed April 17, 1900.*

1. APPEALS AND ERRORS—*when amount involved exceeds $1000 though judgment is for less.* The amount involved exceeds $1000, though the judgment in plaintiff's favor is less than that sum, if the amount of disallowed set-offs which there was evidence tending to prove, added to the amount of the judgment, exceeds $1000.

2. RES JUDICATA—*one pleading former adjudication has the burden of proof.* One relying upon a plea of former adjudication has the burden of showing, by clear and convincing proof, what was determined by the former judgment so relied upon.

3. SAME—*extent to which former judgment is an estoppel.* A former judgment is an estoppel only where it appears from the record or by extrinsic evidence that the precise matter in controversy in the suit at bar was raised and determined in the former proceeding.

4. TAXES—*when payment of taxes is not made under hostile title.* One who holds the legal title by voluntary and unsolicited conveyance from the owner may recover the amount of taxes paid, where such taxes were liens upon the land when paid and no action was at that time pending disputing the grantee's title, though the conveyance to him was afterwards set aside upon a bill filed by the grantor.

*Smith* v. *Rountree,* 85 Ill. App. 161, affirmed.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Lake county; the Hon. C. H. DONNELLY, Judge, presiding.

This is an action of assumpsit brought by defendant in error against plaintiff in error. The declaration consists of two special counts, each on a note for $100.00 executed by the plaintiff in error to the order of defendant in error, one dated March 1, 1890, and the other July 1, 1890, the former payable in one year from date and the latter on demand. The declaration also contains the common counts for money had and received, for money paid out and expended, and for money due and owing,

for goods, wares, and merchandise sold and delivered, for
board, lodging, and nursing, and account stated.

The pleas filed by the plaintiff in error were non-
assumpsit; payment; set-off for $2500.00 with common
counts; and also former adjudication of the matters now
in controversy in and by a decree of the circuit court of
Lake county upon a bill filed May 4, 1892, by the plaintiff
in error against the defendant in error and others, aver-
ring that the defendant in error answered said bill and,
in her answer, set up, as a defense, the matters sued on
in this case as causes of action; that the parties were
and are the same persons, and that final decree passed
in favor of plaintiff in error disallowing the claims of de-
fendant in error.   On the trial of the case, a stipulation
was entered into between the parties, that all the evi-
dence, which could be introduced under the special pleas,
might be introduced under the general issue.

: By agreement, a jury was waived, and the case was
tried before the court without a jury, the plaintiff in error
submitting to the court eight propositions to be held as
law in the decision of the case. All of these propositions
were refused by the court, and marked refused, except
the first, which was modified and then held as modified.
The court also held as law, in the decision of the case,
two propositions submitted by the defendant in error.

On October 21, 1898, in open court, the court found
the issues for the plaintiff in the sum of $866.29, being
the sum of seven items, one of which was the amount of
the principal and interest due upon said notes, and the
others of which were for taxes and special assessments
paid in February, 1891, and April, 1892.

Plaintiff in error excepted to the finding of the court,
and moved to set aside said finding and for a new trial,
which motion was denied, and the denial of the same was
excepted to.   The court thereupon rendered judgment
upon the said finding in favor of the plaintiff in error for
$866.29.

An appeal was taken from this judgment to the Appellate Court, and the judgment was there affirmed. The present writ of error is sued out for the purpose of reviewing said judgment of affirmance.

W. E. HUGHES, for plaintiff in error.

GEORGE HUNT, for defendant in error.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

*First*—A motion has been made herein to dismiss the writ of error upon the ground that the sum involved is less than $1000.00. No certificate of importance was granted by the judges of the Appellate Court. The judgment of the trial court was for $866.29. The motion to dismiss was reserved to the hearing, and will now be disposed of.

Although the judgment is for less than $1000.00, yet the amount involved is more than $1000.00. The claim of the defendant in error was founded, not only upon the items made up of the amounts due upon the notes and the amounts paid out for taxes and special assessments, but also upon various items consisting of moneys expended for and advanced to plaintiff in error, and for goods, wares, and merchandise sold to her, and for board, lodging, and nursing. The plaintiff in error filed a plea of set-off for $2500.00. It is conceded by the defendant in error, that the plaintiff in error introduced testimony, tending to establish items of set-off amounting to $55.00. We think that there is also testimony, tending fairly to establish another item of set-off than those admitted by the defendant in error, which amounts to $150.00. These items of set off, aggregating about $200.00, when added to the amount of the judgment, $866.29, make the total amount involved more than $1000.00.

The legislature has provided that in all cases determined in the Appellate Court in actions *ex contractu*, wherein the amount involved is less than $1000.00 ex-

clusive of costs, the judgment, order or decree of the Appellate Court shall be final, etc.    That provision would be evaded if nothing more is necessary than a mere averment of an amount, without regard to the actual sum in controversy.    A plaintiff cannot, by merely alleging in his declaration that a trifling matter is of the value of over $1000.00, or by adding the common counts claiming more than that sum, secure the right of appeal or writ of error, where the amount actually involved may be only a few dollars.    Nor can the defendant, by filing a plea of set-off and therein claiming a greater amount than $1000.00, secure a right of appeal or a writ of error, where the amount actually involved is much less than $1000.00. (*Lewis* v. *Shear*, 93 Ill. 121; *McGuirk* v. *Burry*, id. 118).    But in the case at bar, although the amount of set-off, which the proof tends to establish, is greatly less than the amount of set-off claimed in the plea, yet, as matter of fact, there is testimony tending to prove items of set-off, aggregating at least $200.00, as above stated.

In *Lake Erie and Western Railroad Co.* v. *Faught*, 129 Ill. 257, we said (p. 260): "Where the defendant not only contests the plaintiff's cause of action, but pleads and gives evidence tending to prove a set-off, and the jury disallow the set-off and give their verdict for the plaintiff, then, if the plaintiff's recovery, added to the amount of the set-off claimed, exceeds $1000.00, it may be held that more than $1000.00 is involved within the meaning of the statute." (*Capen* v. *DeSteiger Glass Co.* 105 Ill. 185; *Moshier* v. *Shear*, 100 id. 469).    In the case at bar, the court below, before whom the case was tried without a jury, disallowed the set-off of the plaintiff in error, and gave judgment for the defendant in error; and, inasmuch as the recovery of the defendant in error, added to the amount of the set-off which the evidence tends to prove, exceeds $1000.00, it must be held that more than $1000.00 is involved within the meaning of the statute.    Accordingly, the motion to dismiss the writ of error is overruled.

*Second*—The plaintiff in error, upon the trial below, asked the court to hold as law certain propositions substantially to the effect, that the decree in the chancery litigation between the parties to this suit was an adjudication of the matters here in controversy. In other words, the bill, answer, and decree in said former chancery suit are presented in said propositions as constituting *res judicata*. We are of the opinion, that the defense of former adjudication was not sustained, and that, therefore, the trial court committed no error in refusing to hold as law the propositions submitted upon the subject.

Where a plea of former adjudication is relied upon, the burden of proving such plea is upon the defendant; it must be shown what was determined by the former judgment so relied upon, and such proof must be clear, certain, and convincing. (*Sawyer* v. *Nelson*, 160 Ill. 629; 21 Am. & Eng. Ency. of Law, p. 202). A judgment in a former proceeding is an estoppel only where it appears from the face of the record, or by extrinsic evidence, that the precise matter in controversy in the suit at bar was raised and determined in the proceeding, which is urged as an estoppel. (*Sawyer* v. *Nelson*, *supra*). A judgment in a former proceeding between the same parties only bars subsequent action on matters actually settled by it. The judgment in the chancery suit, here introduced in evidence, could not bar the right of the defendant in error to maintain her present action, unless it appears from said judgment or decree, or by extrinsic evidence, that the particular ground, now urged by the defendant in error for a recovery, was considered and passed upon in such former suit. (*Young* v. *People*, 171 Ill. 299; 21 Am. & Eng. Ency. of Law, p. 203). The estoppel of a judgment extends only to the questions involved in the issue, and not to any incidental matter, though it may have arisen and been passed upon. (*Lewis' Appeal*, 67 Pa. St. 153; *Land* v. *Curran*, 52 Mass. 341). If the former suit was disposed of on grounds which did not decide the merits of the mat-

ter in controversy, it does not bar the present proceeding, unless it appears that the present suit is based upon matters arising out of the same proceeding as that out of which the former suit arose, and that such matters have been fairly adjudicated in such former suit. (21 Am. & Eng. Ency. of Law, p. 266; *Smalley* v. *Edey*, 19 Ill. 207; *Riverside Co.* v. *Townshend*, 120 id. 9; *Cromwell* v. *County of Sac*, 94 U. S. 351).

An application of the foregoing rules to the facts of this case shows conclusively, that the matter here in controversy is not the same as the matter in controversy in the chancery suit, which is relied upon as a former adjudication. The issues involved in the chancery suit may be seen by reference to the case of *Rountree* v. *Smith*, 152 Ill. 493. It appears from the decision in that case, that the plaintiff in error executed certain deeds conveying certain lands to the defendant in error, and a bill was filed by the plaintiff in error to set those deeds aside. They were set aside upon the grounds that they were intended to be, and, in fact, were of the nature of testamentary dispositions, and void under the Statute of Wills; that they were executed in pursuance of a voluntary agreement and with the intention that they should not take effect unless security respecting certain matters was given; and that, inasmuch as the purpose of the plaintiff in error in executing said deeds was to make a voluntary conveyance, she could recede at any time from such purpose, the gift becoming executed only upon the offer and acceptance of the security. The deeds in that case were voluntary on the part of the plaintiff in error, and intended as mere gifts. It was nowhere held in that case, that any consideration had been paid to the plaintiff in error for said deeds. The deeds remained at all times subject to the control and right of revocation of the plaintiff in error, the grantor therein named.

On the contrary, the issue in the present case is as to the amount of indebtedness due from plaintiff in error to

defendant in error for moneys advanced by the latter to the former, and for work and services performed by the latter for the former. No issue was tendered or determined in the chancery suit as to any indebtedness between the parties.

*Third*—Plaintiff in error complains of the modification of the first proposition, which it submitted to the court below, and of the giving of such proposition as thus modified. The proposition, as given, told the jury that, under the stipulation between the parties, the Statute of Limitations was a defense to all of the demands of the defendant in error proven by the evidence, which accrued prior to October 12, 1890, except the two promissory notes, and that, if the evidence failed to show an express promise on the part of the plaintiff in error, "or facts and circumstances from which a promise may be implied," to pay such demands, or one or more of them since October 12, 1890, the defendant in error must fail in her suit as to each one of said demands other than said notes. The modification, made in the instruction as originally asked, consisted in conditioning the right of the defendant in error to recover upon her showing "facts and circumstances from which a promise may be implied."

Counsel for plaintiff in error invokes the rule, that there can be no ground for supporting the count for money paid, unless the payment is made at the express or implied request of the defendant, and that here there could have been no implied request by Mrs. Smith to Mrs. Rountree for the payment of any of the demands referred to in the instruction. (Chitty's Pl. p. 350; *Briscoe* v. *Power*, 64 Ill. 72). It is a sufficient answer to this contention to say that the instruction as modified refers only to such demands as accrued prior to October 12, 1890; and that the finding of the court, upon which this judgment is based, shows that the items, going to make up that finding, were all for payments made by the defendant in error for the plaintiff in error subsequent to October 12,

1890, that is to say, in 1891 and 1892, within five years before the beginning of this suit, which was begun on October 12, 1895. The proof, however, does show that there was an express request by the plaintiff in error to the defendant in error to pay all the items, upon which the judgment is founded, except one small item of $23.92. It is urged by the plaintiff in error, that the taxes paid in 1892 cannot be recovered because paid in support of a hostile title. The taxes were not paid in support of a hostile title, but they were paid while defendant in error held the title, which had been conveyed to her by the voluntary and unsolicited act of the plaintiff in error. When the payments were made, no action was pending disputing the title of defendant in error. The last payment was made April 28, 1892, and the bill in chancery was not filed until May 4, 1892. The taxes were paid by the defendant in error, and such payment inured to the benefit of plaintiff in error. The taxes were, when paid, liens upon the lands, and were properly paid by defendant in error, inasmuch as the latter then held the title. It is not contended that any of these taxes, so paid by the defendant in error, have been re-paid to her by the plaintiff in error. But it is unnecessary to decide the question whether or not there was an implied request by the plaintiff in error to the defendant in error to pay these taxes, because the instruction complained of, which refers to the subject of an implied promise, refers to the items prior in date to October 12, 1890, and not to the items, upon which the judgment of the court was founded. It is true that the Practice act, which provides for the submission of propositions of law in trials by the court, does not require the court to find any particular facts; nor are the reasons given by the court to sustain its decision any part of its judgment. (*First Nat. Bank* v. *Northwestern Bank*, 152 Ill. 296; 12 Am. & Eng. Ency. of Law, p. 6). But the fact, that the court found particular items and no others to be due to defendant in error, amounted

to an exclusion and rejection of all the other items, about which testimony was introduced. Inasmuch, therefore, as all the evidence in regard to the items which were prior in date to October 12, 1890, was rejected, and not acted upon by the court, the plaintiff in error suffered no injury from the modification of the instruction, whether such modification was correct, as matter of law, or not.

We perceive no substantial error in the judgment of the court below. Accordingly, the judgment of the Appellate Court is affirmed.              *Judgment affirmed.*