ERNEST HEDLEY *et al.*

*v.*

FRED L. GEISSLER, Receiver.

*Opinion filed February 20, 1901.*

1. APPEALS AND ERRORS—*Supreme Court cannot review foreclosure proceedings involving less than $1000.* If the amount involved in foreclosure proceedings is less than $1000 the Supreme Court cannot review the decision of the Appellate Court, in the absence of a certificate of importance.

2. SAME—*when amount involved is determined by the judgment.* In actions *ex contractu* where the judgment is in favor of the plaintiff, and he does not complain thereof and no counter-claim has been set up by the defendant by way of set-off, the amount of the judgment is conclusive of the amount involved.

3. SAME—*right of appeal cannot be secured by merely alleging that more than $1000 is due.* A complainant in foreclosure cannot secure a right of appeal to the Supreme Court by merely alleging more than is actually due or claimed to be due on the mortgage; nor does such allegation give the defendant such right of appeal.

*Hedley* v. *Geissler*, 90 Ill. App. 565, appeal dismissed.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Madison county; the Hon. WILLIAM HARTZELL, Judge, presiding.

T. T. HINDE, and TRAVOUS, WARNOCK & BURROUGHS, for appellants.

HAMILL & BORDERS, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

Appellee filed his bill in the circuit court of Madison county, against appellants, to foreclose a mortgage executed by them to the Investment Loan Association of Belleville, Illinois, to secure the sum of $1000, and alleging "that there is now due for taxes, fines, insurance, solicitor's fees and other sums expended under the provisions of said mortgage, $1550." The defendants answered the bill, denying the indebtedness except as to the

sum of $1000, and claiming certain credits upon the mortgage amounting to $175, with interest thereon, $19.25. Upon the hearing complainant claimed that the amount due upon the mortgage was $1000, less $97.83 dues paid in by the defendants, and the defendants insisted, as by their answer, upon the above named credits.   The court entered a decree for the amount claimed by the complainant, with interest,—$971.   From that decree the defendants prosecuted their appeal to the Appellate Court for the Fourth District, where the judgment of the circuit court was affirmed.   They now appeal to this court, but without any certificate of importance from the Appellate Court.

It is well settled that in foreclosure proceedings where the amount involved is less than $1000 this court has no jurisdiction to review the decision of the Appellate Court.   In this case the amount of the decree has to be accepted as determining the amount in controversy.   We said in *Lake Erie and Western Railroad Co.* v. *Faught*, 129 Ill. 257: "We are of the opinion that in cases *ex contractu*, where the judgment is in favor of the plaintiff, and he assigns no error and no counter-claim has been set up by the defendant by way of set-off, the amount of the judgment must be accepted as conclusive of the amount involved in the case.   There the plaintiff must be deemed to have abandoned all claim to a larger recovery, and thus eliminated from the case all of his claim in excess of the amount recovered, as effectually as though he had entered a *remittitur* of such excess before the trial; and the defendant cannot insist that a larger sum than that recovered is involved, since his doing so would be tantamount to assigning for error that the judgment against himself is for too small an amount." This language is clearly applicable to the case at bar.   The complainant, by merely alleging more than was actually due him or claimed to be due upon the mortgage, cannot secure to himself the right of appeal or a writ of error here, nor

can it be claimed that the fact he made such an allegation gives the defendants the right to an appeal or writ of error. *Smith* v. *Rountree*, 185 Ill. 219, and cases cited.

The appeal will be dismissed.        *Appeal dismissed.*