American Percheron Horse Breeders' Association, et al.,
v. American Percheron Horse Breeders' & Importers'
Association.

Gen. No. 11,280.

1. FORMER ADJUDICATION—*when, binding.* The general rule is, that in order that a former adjudication should be binding, there must be identity of parties, subject-matter and relief sought.

2. FORMER ADJUDICATION—*when identity of parties appears.* Where the former adjudication relied upon was in a cause in which the bill was filed by a voluntary association through an officer duly authorized to act in its behalf, the decree entered therein is binding upon the individual members of such voluntary association in a subsequent proceeding brought by them upon the same subject-matter.

Proceeding for injunction, discovery and accounting. Appeal from the Superior Court of Cook County; the Hon. JESSE HOLDOM, Judge, presiding. Heard in this court at the October term, 1903. Affirmed. Opinion filed May 12, 1904.

GORDON A. RAMSAY, for appellants; ELBRIDGE HANECY and GEORGE P. MERRICK, of counsel.

HOPKINS, DOLPH, PEFFERS & HOPKINS and LONGENECKER & LONGENECKER, for appellee.

MR. JUSTICE WINDES delivered the opinion of the court.

The appellants, the American Percheron Horse Breeders' Association, a voluntary association, besides twelve persons named who are all the officers and directors of said association, and three of whom constitute a committee duly authorized to represent the association and all of its members, brought a bill on behalf of themselves and all the members of said association against the appellee, a corporation organized and existing under the laws of Illinois, for an injunction, discovery and accounting and for general relief. The bill is supported by the affidavits of five different persons, officers and members of said voluntary association. An injunction was issued according to the prayer of the bill. The appellee pleaded a former adjudication of the same matters set out in this bill under a bill filed in the Circuit Court of Cook county, Illinois, by Samuel D. Thompson (one of the appellants here) as a member of said voluntary association and as secretary thereof, and on behalf of said voluntary association. The appellants replied to the plea and the cause was heard upon these pleadings and appellee's motion to dissolve the injunction and dismiss the bill, and upon documentary evidence showing all the pleadings and proceedings in the said suit in the Circuit Court. The chancellor sustained the plea and entered a decree dissolving the injunction and dismissing the suit, but reserving the cause upon a suggestion of damages by appellee for the purpose of determining such damages. From this decree this appeal is taken.

The bill and all the proceedings in the Circuit Court which were offered on the hearing, so far as necessary to an understanding of this case, are set out in our opinion this day filed in an appeal from the decree rendered in the Circuit Court, to which we make reference. (*Ante,* p. 131.) They fully sustain the decree of the chancellor herein, which in effect finds that said Samuel D. Thompson as secretary and member of said voluntary association, filed the

138    APPELLATE COURTS OF ILLINOIS.

VOL. 114.] Am. Percheron Horse Breeders' Ass'n v. Importers' Ass'n.

said bill in the Circuit Court on February 20, 1903, (more than five months before this bill was filed,) on behalf of himself and the members of said voluntary association against appellee here, and thereby alleged the same matters and things as are set forth in the bill in this cause, and asked for and prayed the same relief in effect as is asked for and prayed in the bill in this case; that the said Circuit Court bill was, by decree of that court, dismissed for want of equity, and that decree still remains in full force and effect.

If there could be said to be a difference between the two bills, it is only in the parties and the relief prayed. The subject-matter and allegations of both bills are clearly the same in substance. The proof is that the first bill was by Thompson, the secretary and a member of said voluntary association, in his own behalf and in behalf of 1,000 and more members of said association, and on behalf of said association, while the second bill is by the association, its officers and directors (naming them and including said Thompson) and a committee of three (also including said Thompson) authorized to represent the association and to commence the suit, and who sue on behalf of themselves and all the members of the association. The appellee was the only defendant in each case. The relief prayed in each case is in substance the same, except that in this case there is a prayer for discovery and an accounting by the appellee. Both bills have a prayer for general relief.

In order that a former adjudication should be binding, the general rule is as contended by appellants, namely, there should be identity of parties, subject-matter and relief sought. Smith v. Rountree, 185 Ill. 219-23; Cramer v. Wilson, 202 Ill. 83-92; Baldwin v. Hanecy, 204 Ill. 281-8.

The subject-matter and allegations of the two bills being the same, it follows that all the relief by way of discovery and accounting could be given under the prayer for general relief in the first bill that could be given on the second bill. It is well settled that under a prayer for general relief any relief may be given which is appropriate, or could be allowed, under the allegations of the bill. The

defendant in each case being the same, there only remains to be considered the question of parties complainant. Is there such identity of parties complainant in the two bills as to make the former adjudication binding upon the present appellants ?

It is a general rule that "all persons legally or beneficially interested in the subject-matter of a suit should be and are necessary parties." Story's Eq. Pldgs., sec. 72 *et seq.* But the same author (sec. 120) states certain exceptions to this rule, among others, where the "parties are very numerous," and it is impracticable to bring them all before the court, and there "exists a common interest or a common right, which the bill seeks to establish and enforce, or a general claim or privilege, which it seeks to establish; or to narrow or to take away." In such cases the learned author (sec. 126) says that a "bill is permitted to be filed by a few, on behalf of themselves and all others, or against a few, and yet bind the rights and interests of the others." In Hale, et al., v. Hale, et al., 146 Ill. 227–57, this statement of the law is approved, where the court was considering the binding effect of a decree upon persons not parties to the cause in which it was rendered and not then *in esse.* To like effect in principle are Guilfoil v. Arthur, 158 Ill. 600–5, and Fitzpatrick v. Rutter, 160 Ill. 282–6.

In Harmon v. Auditor, etc., 123 Ill. 122–31, a bill was filed by certain property owners and taxpayers as representatives of a class, though it did not formally state that it was filed on behalf of all the other taxpayers of the town, but constantly referred to them and their interests in its allegations, and prayed that the town be restrained from "collecting any taxes upon the taxable property of said town of Mount Morris to pay" certain bonds described in the bill. A decree rendered in the case was held to be *res judicata* in a suit subsequently brought by taxpayers and property owners in the same town as representatives of the same class for whose benefit the former bill was filed, the reason given being that there was a sufficient identity between the parties to the two cases. To like effect are

Bennitt v. Mining Co., 119 Ill. 9–14, and cases cited, and Harding v. Fuller, 141 Ill. 308–19.

It seems clear from this record that there is a common right and interest in all the members of the voluntary association, and that the first bill sought to establish and enforce such right and interest; also that Thompson was authorized to and represents the voluntary association, which necessarily includes all its members, and that the decree of the Circuit Court on the first bill was *res adjudicata* in this case, as it was in force at the time the decree herein was rendered, and was binding on the Superior Court.

It is claimed that appellee is estopped, by its demurrer to the first bill, (one of the causes of which is that it does not appear that Thompson was authorized to represent the voluntary association,) from claiming the decree in that case is *res judicata*. That demurrer is overruled and the decree rendered on the face of the bill which shows his authority.

A point is made in appellants' brief that to sustain a plea of *res judicata* the judgment must have been upon the merits at a trial fairly conducted (citing cases), but there is no argument in support of the claim. We have, however, examined the cases cited, and think they do not go to the extent stated. If, however, the point be conceded to be sustained by the authorities, still it cannot avail appellants in this case. The bill in the first case was dismissed for want of equity evidently upon the face of the bill, and the decree in that case was in full force when the decree here was rendered. That decree, however erroneous, the Circuit Court having jurisdiction (which is not questioned), is binding on the appellants here until set aside by a direct proceeding for that purpose. Such a proceeding has been taken by appeal to this court in that case, and is now pending in this court.

Much argument is indulged in by appellants' counsel as to alleged errors in the Circuit Court case, but these matters will be considered in that case, and are not material in this case.

There being, in our opinion, no error in the Superior Court decree, it is affirmed.                    *Affirmed.*