332    APPELLATE COURTS OF ILLINOIS.

First Nat. Bk. of Judith Gap, Mont. v. King et al., 234 Ill. App. 332.

## First National Bank of Judith Gap, Montana, Appellee, v. Harold R. King and George W. King, Appellants.

### Gen. No. 7,333.

1. FORMER ADJUDICATION—*when judgment for principal and interest of note not res judicata of right to attorney's fees.* In an action on promissory notes which provided for a reasonable attorney's fee if the notes should be placed in the hands of an attorney for collection, where the court sustained an objection to the admission of evidence as to what would be a reasonable fee in the matter, on the ground that such fee must be recovered in a separate suit, the question of liability for payment of an attorney's fee was not *res adjudicata* in a subsequent action for such fees.

2. FORMER ADJUDICATION—*estoppel to raise defense.* Where defendants in an action on promissory notes which provided for a reasonable attorney's fee objected to the introduction of evidence as to what would be a reasonable attorney's fee in the matter on the ground that the fee must be recovered, if at all, in a separate suit, and the court sustained the objection, they cannot be heard to say, in a subsequent action to recover the attorney's fee, that the matter was settled in the former suit.

Appeal by defendants from the Circuit Court of Ogle county; the Hon. FRANKLIN J. STRANSKY, Judge, presiding. Heard in this court at the April term, 1924. Affirmed. Opinion filed August 6, 1924.

SEYSTER & FEARER, for appellants.

HENRY A. SMITH, for appellee.

MR. JUSTICE JONES delivered the opinion of the court.

This is a suit filed by the appellee in the circuit court of Ogle county against the appellants for the recovery of attorney's fees provided by three promissory notes executed by appellants and payable to the appellee. The appellee had previously filed suit in the circuit court of Ogle county upon the notes and obtained judgment thereon for the principal sum and interest. At the hearing, the appellee offered to prove the amount of a reasonable attorney's fee and

asked that it be included as a part of the judgment. Upon objection this evidence was ruled out and the court held that the attorney's fees, under the terms of the notes, could only be recovered in a separate suit. Appellee was content with the judgment for the principal and interest of the notes and that litigation ended. The appellee then filed this suit to recover the attorney's fees and obtained judgment for the sum of $500 from which judgment this appeal is taken.

The provision for attorney's fees in each of the notes is as follows: "The makers and endorsers waive presentment, demand, protest and notice thereof, and agree to pay a reasonable attorney's fee in case this note is placed in the hands of an attorney for collection." The appellants now contend that under the terms of these notes the attorney's fee must be included in the original suit and cannot be collected by a separate suit.

In this case, however, the appellants filed a plea of former adjudication in which they set up the suit on the original note that the declaration charged liability for the attorney's fees and that there was a judgment at large for the sum of $5,400. Appellee took issue upon this plea and upon the hearing of the cause proved that the amount of the judgment was the amount of the principal and interest of the original notes; and by extrinsic evidence, that on the trial of the case, upon objection by the appellants, the appellee was prevented from proving the amount of a reasonable attorney's fee upon the ground that it must be recovered in separate suit. The rule is that "where some specific fact or question has been adjudicated and determined in a former suit and the same fact or question is again put in issue in a subsequent suit, between the same parties, its determination in the former suit * * * is conclusive upon the parties in the latter suit." (*Hanna v. Read,* 102 Ill. 596; *Sawyer v. Nelson,* 160 Ill. 629.) "The burden of establishing

an estoppel is upon him who invokes it. (Freeman on Judgments, sec. 276.) In order that the judgment should operate as an estoppel, it must either appear upon the face of the record or be shown by extrinsic evidence that the precise question was raised and determined in the former suit." (*Sawyer v. Nelson, supra.*) And again: "A judgment in a former proceeding between the same parties only bars subsequent action on matters actually settled by it." (*Smith v. Rountree*, 185 Ill. 219.) And it is said in the same case: "If the former suit was disposed of on grounds which did not decide the merits of the matter in controversy, it does not bar the present proceeding, unless it appears that the present suit is based upon matters arising out of the same proceeding as that out of which the former suit arose, and that such matters have been fairly adjudicated in such former suit." It is clear from the evidence introduced in this record, which stands undisputed, that the court passed only upon the question of the liability of the appellants for principal and interest in the original notes, and that the court refused to adjudicate the question of attorney's fees. That ruling was obtained at the instance of appellants for the purpose of preventing appellee from recovering the attorney's fees in that suit. Having secured such ruling and prevented the adjudication of the question in that suit, the appellants cannot now be heard to say that the matter is settled. For this reason this case must be affirmed.

*Judgment affirmed.*